IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LINDSEY MOODY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO.: |
| | : | 1:19-CV-00132-LAG |
| v. | : | |
| | : | |
| PHOEBE PUTNEY MEMORIAL | : | |
| HOSPITAL, INC., | : | |
| | : | |
| Defendant | : | |

**PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND
BRIEF IN SUPPORT OF MOTION TO DISMISS**

Now comes Phoebe Putney Memorial Hospital, Inc. ("Phoebe"), defendant in the above-styled action, by and through its undersigned counsel, and files pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 8, 10, and 12(b) its Motion to Dismiss ("Motion") and Brief in Support of Motion to Dismiss, and shows the Court as follows.

**INTRODUCTION**

Plaintiff filed her Complaint on August 6, 2019, and served Phoebe with a Waiver of the Service and Summons ("Waiver") on said date. Phoebe executed the Waiver on August 6, 2019. [Doc. 3] Phoebe's answer or Rule 12 motions are due within sixty days of the date of service of the Waiver. Accordingly, this Motion is timely filed.

Plaintiff's Complaint is an impermissible "shotgun pleading,"; thus, the Complaint as a whole fails to meet the pleading requirements of FRCPs 8, 10, and 12, for failure to set forth "a

short and plain statement of the claim showing that the pleader is entitled to relief," and "failure to state a claim upon which relief can be granted." Additionally, some of the individual Counts of the Complaint suffer from the same failures.

As discussed below, not only does Phoebe have the *option* to bring this Motion, but it has an *obligation* to do so in order to avoid the obstruction of justice.

**STANDARD OF REVIEW**

FRCP 8(a)(3) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 10 mandates that discrete claims should be pleaded in separate counts. FRCP 12(b)(6) allows a defendant to move for dismissal of any pleading for "failure to state a claim upon which relief can be granted." While FRCP 8 "does not require 'detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). FRCP 12(b) may be utilized to attack pleadings that violate FRCP 8 and 10.

The *Iqbal* Court delineated the governing standard for the grant of FRCP 12(b)(6) motions to dismiss:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S.Ct. 1955 (brackets omitted).

556 U.S. at 678. The Court noted that Twombly was based upon two foundational rules of pleading. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, (citing *Twombly*, 550 U.S. at 555). Second, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." 556 U.S. at 679 (quoting FRCP8(a)(2)).

Pursuant to the Twombly principles, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 680. Nor does a complaint survive a FRCP12(b)(6) motion to dismiss if it does no more than tender "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 678 (quoting *Twombly*, at 557). Courts should consider only those facts which are well-pleaded and "then determine whether they plausibly give rise to an entitlement of relief." *Id.*, at 679; *see Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012). A plaintiff must allege "plausible grounds to infer" that his claims rise "above the speculative level." *Twombly*, 550 U.S. at 555-56.

Plaintiff's Complaint is a classic "shotgun pleading" and therefore does not meet the standards of FRCP 8(a)(2), 10(b), or 12 (b)(6). The unclear nature of Plaintiff's pleadings leave

3

Phoebe and this Court to speculate as to what alleged "facts" are purported to relate to which of the vague and ambiguous Counts of her Complaint. Thus, Plaintiff's Complaint should be dismissed or she should be ordered to file an amended Complaint that meets the clearly delineated parameters of the FRCPs and the multitude of court decisions construing same.

## ARGUMENT AND CITATION TO AUTHORITY

**I.    PLAINTIFF'S COMPLAINT IS A PROHIBITED "SHOTGUN PLEADING" AND SHOULD BE DISMISSED OR ORDERED TO BE RECAST.**

FRCP 8(a)(2) requires that in order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 10(b) provides that

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Plaintiff's Complaint is an improper "shotgun pleading" and is prohibited by the Eleventh Circuit Court of Appeals. *See Barone v. Wells Fargo Bank, N.A.*, 757 Fed.Appx. 877 (11th Cir. 2018); *Jackson v. Bank of Amer., N.A.*, 898 F.3d 1348 (11th Cir. 2018); *Lowe v. Delta Air Lines, Inc.*, 730 Fed.Appx. 724 (11th Cir. 2018); *Pittman v. Sate Farm Fire & Casualty Co.*, 662 Fed.Appx. 873 (11th Cir. 2016).

The Eleventh Circuit Court of Appeals has "identified four rough types of shotgun

pleadings," and it notes that the "most common type – by a long shot – is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321 n. 11 (11th Cir. 2015) (citing as examples: *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n. 39 (11th Cir. 2014); *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010) *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 & n. 4 (11th Cir. 2010); *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1311 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting); *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n. 6 (11th Cir. 2006); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006); *Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 459 F.3d 1249, 1264 n. 7 (11th Cir. 2006) (Tjoflat, J., concurring); *SEC v. Diversified Corp. Consulting Grp.*, 378 F.3d 1219, 1221 n. 2 (11th Cir. 2004); *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1330 n. 22 (11th Cir. 2004); *Lumley v. City of Dade City*, 327 F.3d 1186, 1192 & n. 13 (11th Cir. 2003); *Strategic Income Fund, LLC v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1356 n. 9 (11th Cir. 2002), abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 646, 661, 128 S.Ct. 2131, 2137, 2145, 170 L.Ed.2d 1012 (2008); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Moore v. Am. Fed'n of Telev. & Radio Artists*, 216 F.3d 1236, 1240 (11th Cir. 2000); *BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1326 n. 6 (11th Cir. 1998); *Thornton v. City of Macon*, 132 F.3d 1395, 1396 n. 1 (11th Cir. 1998); *Johnson v. City of Ft. Lauderdale*, 126 F.3d 1372, 1376 n. 4 (11th Cir. 1997); *Anderson v. District Bd. of Trustees of Cent. Fla. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996)).

Plaintiff's Complaint falls into that "most common" category – "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The multitude of citations by the *Weiland* Court show how prevalent the improper practice has come to be. Indeed, the roundly condemned style of pleading practiced here by the Plaintiff has been "often disparagingly referred to as 'shotgun pleadings.'" *Id.*, at 1320; *see Pittman*, 662 Fed.Appx. at 877 ("We have 'roundly, repeatedly, and consistently condemned' shotgun pleadings." (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008), abrogated on other grounds by *Twombly*).

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, at 1323. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," because "[t]hey waste scarce judicial resources, 'inexorably broaden[ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Davis*, at 981-83). "This Court has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices:

> Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.

*Jackson*, 898 F.3d, at 1356-57 (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

"One reason for the Eleventh Circuit's concern over shotgun pleadings is that these pleadings fail "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Ace Tree Surgery, Inc. v. Terex Corp.*, 2017 WL 1836307 *2 (N.D. GA. Feb. 21, 2017) (citing *Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed.Appx. 368, 371 (11th Cir. 2005)). When a litigant incorporates into each count all of the preceding paragraphs, including those of each preceding count, "it is not clear from the complaint exactly which of her various factual allegations comprise her numerous claims for relief." *Lowe*, 730 Fed.Appx., at 729; *see Pittman*, at 877 (A shotgun pleading format makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." (citing *Anderson*, 77 F.3d, at 366)). "A pleading drafted in this manner 'is in no sense the 'short and plain' statement of the claim' required by" FRCP 8(a)(2) and "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts." *Pittman*, at 877 (quoting *Magluta*, 256 F.3d at 1284).

As noted, Plaintiff's Complaint incorporates into each count every allegation preceding it in the Complaint, "making it nearly impossible for Defendant[] and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson*, 898 F.3d at 1356. The Eleventh Circuit has declared that such misconduct in pleading is not to be lightly treated.

> Tolerating such behavior constitutes toleration of obstruction of justice. This is why we have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.

7

*Id.*, at 1357 (citing *Weiland*; *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001), abrogated on other grounds by *Bridge v. Phoenix Bond & Indemn. Co.*, 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008)).

II. **COUNT V OF PLAINTIFF'S COMPLAINT IS, OF ITS OWN ACCORD, A PROHIBITED "SHOTGUN PLEADING" AND SHOULD BE DISMISSED OR ORDERED TO BE RECAST.**

As noted above, FRCP 10(b) provides that

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

A count or paragraph that violates FRCP 10(b) is a prohibited shotgun pleading. *Weiland*, 792 F.3d at 1320. Count V of Plaintiff's Complaint is just such an improper shotgun pleading. While purporting to be a count for "Title VII Gender Discrimination," the count includes claims based upon an unspecified disability related to "the death of a child." [Doc. 1, ¶¶ 96, 98] Indeed, both Paragraphs 96 and 98 of Count V of Plaintiff's Complaint include claims based upon gender, pregnancy, childbirth, and the death of a child. FRCP 10(b) clearly states that each paragraph should be limited to a single set of circumstances. Additionally, the jumbling of various theories of recovery violates FRCP 8's requirement that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." There is nothing plain about the intermixing in a single paragraph of distinct theories of recovery.

Further, Plaintiff makes the bizarre contention in Paragraph 98 that each of those purported

theories of recovery are "characteristics inherent to Moody's gender." Plaintiff should be made to set forth in a separate paragraph the basis of her contention that only females can be impacted by the death of a child.

The Court should dismiss Count V as an improper shotgun pleading, or in the alternative, should order that Plaintiff replead said count in compliance with FRCPs 8(a) and 10(b).

### III. COUNT VI OF PLAINTIFF'S COMPLAINT IS, OF ITS OWN ACCORD, A PROHIBITED "SHOTGUN PLEADING" AND SHOULD BE DISMISSED OR ORDERED TO BE RECAST.

Count VI suffers from the same defects as does Count V – it is a collage of various theories of recovery jumbled into a single paragraph within a single count. While purporting by way of its heading to be a claim pursuant to the Americans with Disabilities Act ("ADA"), she vaguely posits that she had an unspecified disability that is "related to pregnancy, childbirth, maternity leave, and the death of a child." [Doc. 1, ¶ 102] Plaintiff follows up with the conclusory allegation that she "was a qualified individual with a known disability who with reasonable accommodations could perform the functions of her job as an ICU nurse at Phoebe." [Doc. 1, ¶ 103] Plaintiff fails to identify the purported disability, how it purportedly qualifies as an ADA disability, who on the part of Phoebe knew of the disability, the reasonable accommodations that would allow her to perform the essential functions of her job, and whether or not those accommodations were provided. There is no possible way for Phoebe to comprehend the nature or scope of Count VI of the Complaint or against what it is that Phoebe must defend.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim pursuant to the mandates of FRCP 8(a)(2). *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S., at 555). Likewise, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not "show[n]"—"that the pleader is entitled to relief." *Id.*, at 679 (quoting FRCP8(a)(2)). Thus, Paragraph 102's vague and conclusory allegations fall short of the pleading mandates of FRCP 8(a)(2).

Accordingly, the Court should dismiss Count VI as an improper shotgun pleading, or in the alternative, should order that Plaintiff replead said count in compliance with FRCPs 8(a) and 10(b).

**IV. THE PROPER REMEDY FOR PLAINTIFF'S PROHIBITED "SHOTGUN PLEADING" IS AN ORDER DISMISSING THE COMPLAINT, OR IN THE ALTERNATIVE, AN ORDER THAT THE PLAINTIFF FILE A MORE DEFINITE STATEMENT THAT IS NOT A PROHIBITED SHOTGUN PLEADING.**

Courts addressing shotgun pleadings have stated that the typical remedy is an order dismissing the Complaint without prejudice. "We have explained that in a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court 'should strike the [pleading] and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b).'" *Jackson*, 898 F.3d at 1357-58 (quoting *Byrne*, 261 F.3d at 1133 n. 113; *Cramer*, 117 F.3d at 1263); *see Barone*, 757 Fed.Appx. at 879; Terex Corp., 2017 WL 1836307 at *2 (citing *U.S. ex rel Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2008); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006)). "This is so even when the other party does not move to strike the pleading." *Jackson.*, at 1358 (citing *Shabanets*, 878 F.3d at 1295). The *Jackson* Court clarified, however, that "[a] chance to amend a complaint does not need to come in the form of a dismissal without prejudice or the striking of a portion of the complaint's allegations. It can also be accomplished by ordering the party to file a more definite statement." *Id.*

Phoebe respectfully requests the Court dismiss the Complaint without prejudice or, in the alternative, order the Plaintiff to file a more definite statement in the form of an amended Complaint that does not violate the prohibition against shotgun pleading.

**CONCLUSION**

Plaintiff's Complaint is not a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). It violates the Eleventh Circuit's and this Court's opinions regarding shotgun pleadings. Plaintiff's Complaint should either be dismissed without prejudice, or the Court should order Plaintiff to recast her claims in a short and plain statement in compliance with applicable law.

Respectfully submitted, this 2nd day of October, 2019.

                                                            WATSON SPENCE LLP
*Attorneys for Defendant,*
*Phoebe Putney Memorial Hospital, Inc.*

BY:   /s/ Louis E. Hatcher
         **Louis E. Hatcher**
         Georgia State Bar No.: 337342
         Post Office Box 2008
         Albany, Georgia 31702-2008
         (229) 436-1545 Telephone
         (229) 436-6358 Facsimile
         Lhatcher@watsonspence.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 2nd day of October, 2019, I electronically filed the foregoing *Phoebe Putney Memorial Hospital, Inc.'s Motion to Dismiss Plaintiff's Complaint and Brief in Support of Motion to Dismiss* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all persons duly registered therewith to receive filings in the above styled matter.

                                                      By:  <u>/s/ Louis E. Hatcher</u>