IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LINDSEY MOODY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO.: |
| | : | 1:19-CV-00132-LAG |
| v. | : | |
| | : | |
| PHOEBE PUTNEY MEMORIAL | : | |
| HOSPITAL, INC., | : | |
| | : | |
| Defendant | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.

Now comes Phoebe Putney Memorial Hospital, Inc. ("Phoebe"), defendant in the above-styled action, by and through its undersigned counsel, and files this its answers and defenses to Plaintiff's Complaint, and shows the Court as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Phoebe, and Phoebe moves the Court to dismiss the Complaint and award to Phoebe its costs and fees incurred in responding to the Complaint.

#### Second Defense

Plaintiff alleges conduct in the Complaint that was not set forth, or not sufficiently set forth, in the Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), and the claims are therefore barred as a matter of law.

### Third Defense

Plaintiff was not "disabled" for purposes of application of the Americans with Disabilities Act (the "ADA") to the allegations that are the subject of Plaintiff's Complaint.

### Fourth Defense

Plaintiff did not have a physical or mental impairment that substantially limited one or more of her major life activities, a record of such an impairment, or a record of being regarded as having such an impairment.

### Fifth Defense

Plaintiff never notified Phoebe she had a qualifying disability for purposes of the ADA.

### Sixth Defense

Plaintiff never notified Phoebe she had a physical or mental impairment that substantially limited one or more of her major life activities, or that she had a record of such impairment.

### Seventh Defense

Plaintiff never exhibited or demonstrated any observable indications that she had a physical or mental impairment that substantially limited one or more of her major life activities, or that she had a record of such impairment.

### Eighth Defense

Plaintiff was not a "qualified individual" for purposes of application of the ADA to the allegations that are the subject of Plaintiff's Complaint.

### Ninth Defense

Plaintiff's employment with Phoebe was at-will. Plaintiff had neither a right nor an expectation to continued employment.

### Tenth Defense

Plaintiff's employment with Phoebe was at-will. Phoebe was legally entitled to terminate Plaintiff's employment for no reason or for any reason not otherwise prohibited by law.

### Eleventh Defense

Statements that an individual has violated the provisions of HIPAA cannot constitute a libel claim. Nor can reporting a perceived HIPAA violation to the Department of Health and Human Services and to the affected individual, or that individual's representative, constitute libel.

### Twelfth Defense

Statements that an individual has violated the provisions of HIPAA cannot constitute a slander claim. Nor can reporting a perceived HIPAA violation to the Department of Health and Human Services and to the affected individual, or that individual's representative, constitute slander.

### Thirteenth Defense

Truth is a defense to, and a justification for, an alleged slander or libel. Plaintiff violated the provisions of the Health Insurance Portability and Accountability Act ("HIPAA") and made unauthorized access to protected health information ("PHI") of a patient.

### Fourteenth Defense

Phoebe's statements to any third parties relating to Plaintiff's unauthorized access to PHI and violation of HIPAA were made in good faith in the performance of a public duty, made in good faith in the performance of a legal or moral private duty, and/or were made with a good faith intent to protect Phoebe's interests in the matter in which the speech was concerned.

### Fifteenth Defense

All employment actions taken with respect to Plaintiff were taken for legitimate,

nondiscriminatory business reasons, and there has been no act or omission on the part of Phoebe or any of its agents or employees for which Plaintiff is entitled to recover under any legal theory.

### Sixteenth Defense

All actions relating to Plaintiff were taken in good faith and in a reasonable and prudent manner, with a requisite degree of due care in carrying out any duties allegedly owed to Plaintiff, and those duties were carried out in a reasonable and prudent manner.

### Seventeenth Defense

Even if any adverse actions were taken against Plaintiff for reasons related to Plaintiff's alleged protected class status, which Phoebe denies, Plaintiff would have been subject to termination for reasons unrelated to any protected class status.

### Eighteenth Defense

Plaintiff has neither pleaded, nor can she prove, that she was treated less favorably than were similarly situated employees outside Plaintiff's purported protected classes, and Plaintiff is therefore not entitled to the relief sought.

### Nineteenth Defense

Actions taken by Phoebe during the term of Plaintiff's employment with Phoebe, and those related thereto, cannot serve as the basis of a claim for tortious interference with business or contractual relations.

### Twentieth Defense

An award for tortious interference with prospective business relations cannot be based upon speculation that a relation would develop.

### Twenty-First Defense

Plaintiff asserts different reasons in different forums as a purported basis for her

termination from employment and her admissions against interest bar any recovery on the grounds advanced in Plaintiff's Complaint.

## Twenty-Second Defense

Plaintiff's damages, if any, are limited to those remedies and amounts authorized by the relevant statutes and other applicable laws.

## Twenty-Third Defense

Plaintiff was required to mitigate her damages, if any, by being diligent in seeking employment substantially equivalent to the position she lost, and she is not entitled to any recovery for those periods when she was not diligently seeking substantially equivalent employment, and Plaintiff is not entitled to recovery for any damages that could have been offset had she made proper efforts to mitigate her damages.

## Twenty-Fourth Defense

Phoebe is entitled to offset against Plaintiff's damages, if any, any monies or anything of value received or that could have been received by the Plaintiff in mitigation of her damages.

## Twenty-Fifth Defense

Plaintiff's request for punitive damages cannot be justified in this case because Phoebe has not engaged in intentional discrimination, and certainly has not acted with malice or reckless indifference to any protected right of Plaintiff.

## Twenty-Sixth Defense

Plaintiff's request for punitive damages cannot be justified in this case on either the allegations made in the Complaint or on any other basis, and any such award to Plaintiff would be a violation of the ADA, Title VII, and safeguards and rights provided to Phoebe under the Constitution of the United States.

### Twenty-Seventh Defense

Any award of compensatory or punitive damages in this case as those terms are defined pursuant to the ADA and Title VII, and any other legal authority pursuant to which Plaintiff purports to bring this action, would violate the equal protection clause of the Fifth Amendment to the Constitution of the United States in that such an award would constitute discrimination on the basis of wealth or perceived wealth.

### Twenty-Eighth Defense

Plaintiff's claims are limited or barred as having been filed outside the applicable statutes of limitations or other periods of limitation.

### Twenty-Ninth Defense

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available at the time of filing. Accordingly, Phoebe reserves the right to amend or add any additional affirmative defense or counterclaims which may become known during the course of discovery.

### Thirtieth Defense

Subject to and without waiving any of the foregoing defenses, Phoebe responsively answers the allegations of Plaintiff's Complaint as follows:

**ANSWER**

1. Responding to Paragraph numbered 1 of the Complaint, Phoebe admits that Plaintiff was employed by Phoebe as a nurse in its Intensive Care Unit. Phoebe further admits that Ms. Moody was terminated from her employment with Phoebe. Phoebe denies as pleaded the third and fourth sentences of said Paragraph. The eighth and ninth sentences allege legal conclusions,

are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies same. Phoebe denies the remainder of the allegations of Paragraph numbered 1 of the Complaint.

2. Responding to the allegations of Paragraph numbered 2 of the Complaint, Phoebe admits that Plaintiff is an individual, and female. Phoebe is without information sufficient to admit or deny that Plaintiff is a resident of Dougherty County, Georgia.

3. Responding to the allegations of Paragraph numbered 3 of the Complaint, Phoebe admits that it is a hospital and a domestic, non-profit corporation incorporated pursuant to the laws of the State of Georgia. Phoebe admits that its principal place of business is in Dougherty County, Georgia. Phoebe denies as pleaded the remainder of the allegations of said Paragraph.

4. The allegations of Paragraph numbered 4 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies that it, or anyone for whom it may bear liability, engaged in any conduct in violation of any federal or constitutional right of the Plaintiff. There would therefore be no competent jurisdiction in this Court as no federal question and no federal constitutional issue is legitimately raised. Phoebe admits, however, the Plaintiff has pleaded an action that invokes the jurisdiction of this Court pursuant to various federal statutes.

5. The allegations of Paragraph numbered 5 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies that it, or anyone for whom it may bear liability, engaged in any conduct in violation of any federal or constitutional right of the Plaintiff. This Court would therefore not exercise personal jurisdiction over Phoebe. Phoebe admits, however, the Plaintiff has pleaded an action that invokes the jurisdiction of the Court over Phoebe.

6. The allegations of Paragraph numbered 6 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies that it, or anyone for whom it may bear liability, engaged in any conduct in violation of any federal or constitutional right of the Plaintiff. There would therefore be no proper venue in this Court. Phoebe admits, however, the Plaintiff has pleaded an action that invokes venue in this Court.

7. Phoebe admits the allegations of Paragraph numbered 7 of the Complaint.

8. Phoebe admits the allegations of Paragraph numbered 8 of the Complaint.

9. Phoebe admits the allegations of Paragraph numbered 9 of the Complaint.

10. Phoebe admits the allegations of Paragraph numbered 10 of the Complaint.

11. Phoebe admits it hired Plaintiff on or about March 3, 2014, but denies as pleaded the remainder of the allegations of Paragraph numbered 11 of the Complaint.

12. Phoebe is without sufficient information to admit or deny the allegations of Paragraph numbered 12 of the Complaint.

13. Phoebe is without sufficient information to admit or deny the allegations of Paragraph numbered 13 of the Complaint.

14. Phoebe admits the allegations of Paragraph numbered 14 of the Complaint.

15. Phoebe denies as pleaded the allegations of Paragraph numbered 15 of the Complaint.

16. Phoebe denies as pleaded the allegations of Paragraph numbered 16 of the Complaint.

17. Phoebe admits the allegations of the first sentence of Paragraph numbered 17 of the Complaint. Phoebe denies as pleaded the remainder of the allegations of said Paragraph.

18. Phoebe denies as pleaded the allegations of Paragraph numbered 18 of the Complaint.

19. Responding to Paragraph numbered 19 of the Complaint, Phoebe admits the "Pledge of Professionalism/I Promise" speaks for itself, but otherwise denies the allegations of Paragraph numbered 19 of the Complaint as pleaded.

20. Phoebe denies as pleaded the allegations of Paragraph numbered 20 of the Complaint.

21. Phoebe denies as pleaded the allegations of Paragraph numbered 21 of the Complaint.

22. Phoebe is without information sufficient to admit or deny the allegations of Paragraph numbered 22 of the Complaint.

23. Phoebe denies as pleaded the allegations of Paragraph numbered 23 of the Complaint.

24. Phoebe is without information sufficient to admit or deny the allegations of Paragraph numbered 24 of the Complaint.

25. Phoebe denies as pleaded the allegations of Paragraph numbered 25 of the Complaint.

26. Phoebe admits that on or about January 22, 2019, a patient died in Phoebe's ICU, but denies as pleaded the remainder of the allegations of Paragraph numbered 26 of the Complaint.

27. Phoebe admits the allegations of Paragraph numbered 27 of the Complaint.

28. Phoebe denies as pleaded the allegations of Paragraph numbered 28 of the Complaint.

29. Phoebe denies the allegations of Paragraph numbered 29 of the Complaint.

30. Phoebe admits the allegations of Paragraph numbered 30 of the Complaint.

31. Phoebe denies the allegations of Paragraph numbered 31 of the Complaint.

32. Phoebe denies as pleaded the allegations of Paragraph numbered 32 of the Complaint.

33. Phoebe denies the allegations of Paragraph numbered 33 of the Complaint.

34. Responding to Paragraph numbered 34 of the Complaint, Phoebe admits that Plaintiff was terminated from employment due to unauthorized access to certain portions of the patient's chart and a violation of the Health Insurance Portability and Accountability Act ("HIPAA"), and because of the ramifications related to Plaintiff's unauthorized access of protected health information ("PHI"), and other ramifications related to having accessed certain portions of the patient's chart without authorization, but denies the remainder of the allegations of said Paragraph as pleaded.

35. Responding to Paragraph numbered 35 of the Complaint, Phoebe admits that Plaintiff was terminated from employment due to her violations of HIPAA and because of the ramifications related to Plaintiff's unauthorized access of PHI, and other ramifications related to having accessed certain portions of the patient's chart without authorization, but denies the remainder of the allegations of said Paragraph as pleaded.

36. Phoebe admits the allegations of Paragraph numbered 36 of the Complaint.

37. Phoebe admits the allegations of Paragraph numbered 37 of the Complaint.

38. Phoebe denies as pleaded the allegations of Paragraph numbered 38 of the Complaint.

39. Phoebe denies the allegations of Paragraph numbered 39 of the Complaint.

40. Phoebe denies the allegations of Paragraph numbered 40 of the Complaint.

41. Phoebe denies as pleaded the allegations of Paragraph numbered 41 of the Complaint.

42. Phoebe denies the allegations of Paragraph numbered 42 of the Complaint. Phoebe further denies that HIPAA violations or the other negative ramifications of unauthorized access to a patient's protected health information ("PHI") are obviated by the wrongdoer's intent.

43. Phoebe denies the allegations of Paragraph numbered 43 of the Complaint.

44. Phoebe denies the allegations of Paragraph numbered 44 of the Complaint.

45. Phoebe denies the allegations of Paragraph numbered 45 of the Complaint.

46. Phoebe denies the allegations of Paragraph numbered 46 of the Complaint.

47. Phoebe denies the allegations of Paragraph numbered 47 of the Complaint.

48. Phoebe denies as pleaded the allegations of Paragraph numbered 48 of the Complaint. The letter will speak for itself.

49. Phoebe denies as pleaded the allegations of Paragraph numbered 49 of the Complaint. The letter speaks for itself.

50. Phoebe denies as pleaded the allegations of Paragraph numbered 50 of the Complaint.

51. Phoebe denies as pleaded the allegations of Paragraph numbered 51 of the Complaint.

52. Phoebe denies as pleaded the allegations of Paragraph numbered 52 of the Complaint.

53. Phoebe denies as pleaded the allegations of Paragraph numbered 53 of the Complaint.

54. Phoebe admits the allegations of Paragraph numbered 54 of the Complaint.

55. Phoebe denies as pleaded the allegations of Paragraph numbered 55 of the Complaint.

56. Responding to Paragraph numbered 56 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

57. Phoebe denies as pleaded the allegations of Paragraph numbered 57 of the Complaint. Phoebe further responds that Plaintiff was an employee at will with respect to her employment at Phoebe, and Plaintiff had neither a right nor an expectation of continued employment.

58. Phoebe denies as pleaded the allegations of Paragraph numbered 58 of the Complaint. Phoebe further responds that Plaintiff was an employee at will with respect to her employment at Phoebe, and Plaintiff had neither a right nor an expectation of continued employment.

59. Phoebe denies as pleaded the allegations of Paragraph numbered 59 of the Complaint. Phoebe further responds that Plaintiff was an employee at will with respect to her employment at Phoebe, and Plaintiff had neither a right nor an expectation of continued employment.

60. Responding to Paragraph numbered 60 of the Complaint, Phoebe admits that Plaintiff agreed to abide by and follow Phoebe's policies, including but not limited to Phoebe's policies relating to HIPAA. Phoebe denies as pleaded the remainder of the allegations of Paragraph numbered 60 of the Complaint. Phoebe further responds that Plaintiff was an employee at will with respect to her employment at Phoebe, and Plaintiff had neither a right nor an expectation of continued employment.

61. Phoebe denies as pleaded the allegations of Paragraph numbered 61 of the Complaint.

62. Phoebe denies the allegations of Paragraph numbered 62 of the Complaint.

63. Phoebe denies the allegations of Paragraph numbered 63 of the Complaint.

64. The allegations of Paragraph numbered 64 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

65. Phoebe denies as pleaded the allegations of Paragraph numbered 65 of the Complaint.

66. Phoebe denies the allegations of Paragraph numbered 66 of the Complaint.

67. Responding to Paragraph numbered 67 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

68. Phoebe denies the allegations of Paragraph numbered 68 of the Complaint. Phoebe further denies that statements that an individual has violated the provisions of HIPAA can constitute a libel claim. Phoebe further denies that reporting a perceived HIPAA violation to the Department of Health and Human Services and to the affected individual, or that individual's representative, can constitute libel.

69. Phoebe denies the allegations of Paragraph numbered 69 of the Complaint.

70. Phoebe denies as pleaded the allegations of Paragraph numbered 70 of the Complaint. Phoebe further denies that statements that an individual has violated the provisions of HIPAA can constitute a libel claim. Phoebe further denies that reporting a perceived HIPAA violation to the Department of Health and Human Services and to the affected individual, or that

individual's representative, can constitute libel.

71. Phoebe denies as pleaded the allegations of Paragraph numbered 71 of the Complaint. Phoebe further denies that statements that an individual has violated the provisions of HIPAA can constitute a libel claim. Phoebe further denies that reporting a perceived HIPAA violation to the Department of Health and Human Services and to the affected individual, or that individual's representative, can constitute libel.

72. Phoebe denies as pleaded the allegations of Paragraph numbered 72 of the Complaint.

73. Phoebe denies the allegations of Paragraph numbered 73 of the Complaint.

74. Phoebe denies the allegations of Paragraph numbered 74 of the Complaint.

75. Phoebe denies the allegations of Paragraph numbered 75 of the Complaint.

76. Phoebe denies the allegations of Paragraph numbered 76 of the Complaint.

77. The allegations of Paragraph numbered 77 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

78. Responding to Paragraph numbered 78 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

79. Phoebe denies the allegations of Paragraph numbered 79 of the Complaint. Phoebe further denies that statements that an individual has violated the provisions of HIPAA can constitute a slander claim. Phoebe further denies that reporting a perceived HIPAA violation to the Department of Health and Human Services and to the affected individual, or that individual's representative, can constitute libel.

80. Phoebe denies the allegations of Paragraph numbered 80 of the Complaint.

81. Phoebe denies the allegations of Paragraph numbered 81 of the Complaint.

82. Phoebe denies as pleaded the allegations of Paragraph numbered 82 of the Complaint. Phoebe further denies that statements that an individual has violated the provisions of HIPAA can constitute a slander claim. Phoebe further denies that reporting a perceived HIPAA violation to the Department of Health and Human Services and to the affected individual, or that individual's representative, can constitute slander.

83. Phoebe denies as pleaded the allegations of Paragraph numbered 83 of the Complaint. Phoebe further denies that statements that an individual has violated the provisions of HIPAA can constitute a slander claim. Phoebe further denies that reporting a perceived HIPAA violation to the Department of Health and Human Services and to the affected individual, or that individual's representative, can constitute slander.

84. Phoebe denies the allegations of Paragraph numbered 84 of the Complaint.

85. Phoebe denies the allegations of Paragraph numbered 85 of the Complaint.

86. Phoebe denies the allegations of Paragraph numbered 86 of the Complaint.

87. Phoebe denies the allegations of Paragraph numbered 87 of the Complaint.

88. Phoebe denies the allegations of Paragraph numbered 88 of the Complaint.

89. The allegations of Paragraph numbered 89 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

90. Responding to Paragraph numbered 90 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

91. Phoebe denies the allegations of Paragraph numbered 91 of the Complaint.

92. Phoebe denies the allegations of Paragraph numbered 92 of the Complaint.

93. Phoebe denies the allegations of Paragraph numbered 93 of the Complaint.

94. Phoebe denies the allegations of Paragraph numbered 94 of the Complaint.

95. Responding to Paragraph numbered 95 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

96. The allegations of Paragraph numbered 96 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

97. The allegations of Paragraph numbered 97 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

98. The allegations of Paragraph numbered 98 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

99. Phoebe denies the allegations of Paragraph numbered 99 of the Complaint.

100. Phoebe denies the allegations of Paragraph numbered 100 of the Complaint.

101. Responding to Paragraph numbered 101 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

102. The allegations of Paragraph numbered 102 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the

Court deems a response to be required, Phoebe denies as pleaded said allegations.

103. The allegations of Paragraph numbered 103 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies said allegations.

104. The allegations of Paragraph numbered 104 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies said allegations.

105. The allegations of Paragraph numbered 105 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

106. Phoebe denies as pleaded the allegations of Paragraph numbered 106 of the Complaint.

107. Phoebe denies the allegations of Paragraph numbered 107 of the Complaint.

108. Phoebe denies the allegations of Paragraph numbered 108 of the Complaint.

109. Responding to Paragraph numbered 109 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

110. Phoebe denies the allegations of Paragraph numbered 110 of the Complaint.

111. Phoebe denies the allegations of Paragraph numbered 111 of the Complaint.

112. Responding to Paragraph numbered 112 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

113. Phoebe denies the allegations of Paragraph numbered 113 of the Complaint.

114. Phoebe denies the allegations of Paragraph numbered 114 of the Complaint.

115. Responding to Paragraph numbered 115 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

116. Phoebe denies the allegations of Paragraph numbered 116 of the Complaint.

117. Phoebe denies the allegations of Paragraph numbered 117 of the Complaint.

118. Responding to Paragraph numbered 118 of the Plaintiff's Complaint, Phoebe realleges, readopts, and incorporates herein by reference as if more fully set forth herein its affirmative defenses and each of its responses set forth elsewhere herein.

119. The allegations of Paragraph numbered 119 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

120. Phoebe denies the allegations of Paragraph numbered 120 of the Complaint.

121. The allegations of Paragraph numbered 121 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

122. The allegations of Paragraph numbered 122 of the Complaint allege legal conclusions, are not directed to Phoebe, and require no response from Phoebe. To the extent the Court deems a response to be required, Phoebe denies as pleaded said allegations.

123. Responding to the last, unnumbered Paragraph of the Complaint, Plaintiff's *ad damnum* clause (prayer for relief), Defendant denies it or anyone for whom it bears responsibility are liable for the damages claimed or any other damages or injuries allegedly sustained by Plaintiff, denies it is guilty of any actionable conduct or omissions, and denies it is liable to Plaintiff in any

amount under any law. Defendant specifically denies Plaintiff is entitled to any of the relief set forth in the ad damnum clause.

124. Phoebe denies each and every allegation of the Complaint to which a specific admission or response has not hereinabove been set forth.

125. Phoebe demands a trial by jury of all issues so triable.

WHEREFORE, having fully answered the Plaintiff's Complaint, Phoebe demands that said Complaint be dismissed with prejudice and that Phoebe be awarded its costs and attorneys' fees.

Respectfully submitted, this 2nd day of June, 2020.

        WATSON SPENCE LLP
        *Attorneys for Defendant*

BY:  /s/ Louis E. Hatcher
        **Louis E. Hatcher**
        Georgia State Bar No.: 337342
        */s/* Alfreda L. Sheppard
        **Alfreda L. Sheppard**
        Georgia State Bar Number: 525106
        Post Office Box 2008
        Albany, Georgia 31702-2008
        (229) 436-1545 Telephone
        (229) 436-6358 Facsimile
        Lhatcher@watsonspence.com
        Asheppard@watsonspence.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2020, I electronically filed the foregoing *Answer and Affirmative Defenses of Defendant Phoebe Putney Memorial Hospital, Inc.* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all persons duly registered therewith to receive filings in the above styled matter.


By:  /s/ Alfreda L. Sheppard